United States District Court
Southern District of Texas
**ENTERED**
March 05, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERDAN PROCUREMENT AND CONSULTING, LLC D/B/A VPC CHEMICALS, | § § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 25-00010 |
| v. | § § | |
| SOLUGEN, INC., *et al.*, | § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

The issue in this motion to remand is whether the defendants timely filed their removal. That turns on whether the case was clearly removable when it was filed and, if not, when the defendants received a copy of some "other paper from which it may first be ascertained" that the case is or has become removable, because there is diversity of citizenship. 28 U.S.C. § 1446(b).

On October 11, 2024, Verdan Procurement and Consulting, LLC d/b/a VPC Chemicals, sued Solugen, Inc., Sean Hunt, Josh Sutton, and Tanner Cox in Texas state court, alleging state-law causes of action and seeking damages well above $75,000. The state court petition did not allege the citizenship of the plaintiff LLC and did not allege the members of the LLC, much less each member's citizenship. In the state court, the defendants filed special exceptions, arguing that the petition, then the amended petition, did not disclose the members of the LLC. (Docket Entry Nos. 1-10-1-15).

On December 11, 2024, the plaintiff filed its corporate disclosure statement. (Docket Entry No. 1-23). That statement identified Andre Verdant as the only member of the plaintiff LLC and stated that Verdant was a citizen of Brazil. (*Id.*). That statement established diversity of

citizenship. The defendants removed on January 2, 2025, within 30 days of the filing of the corporate disclosure statement. The question is whether the case was removable before December 11, 2024.

Federal court jurisdiction is limited by the Constitution and federal statutes. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (*citing Willy v. Coastal Corp.*, 503 U.S. 131, 136–137, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992)). These limits, based on respect both for other branches of government and for the state courts, must be respected. Without subject-matter jurisdiction, a federal court simply has no authority to decide the case. As the part invoking federal jurisdiction, the removing party has the burden of proving that federal jurisdiction is present to defeat a motion to remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Because removal jurisdiction raises significant federalism concerns, *Beiser v. Weyler*, 284 F.3d 665, 672 (5th Cir. 2002), any "ambiguities are to be construed against removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)

When removal to federal court is predicated on diversity jurisdiction, two requirements must be met. 28 U.S.C. § 1332. First, the amount-in-controversy must exceed $75,000. *Id.* Second, there must be complete diversity between all plaintiffs and all defendants so that the citizenship of all persons on one side of the controversy differ from that of all persons on the other side. *Id.* To meet this requirement, a court determines if complete diversity existed both at the time the action was filed in the state court and at the time the case was removed to federal court. *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386-87 (5th Cir. 2018); *see*

*also Stevens v. Nichols*, 130 U.S. 230, 231-32, 9 S. Ct. 518, 32 L. Ed. 914 (1889); Wright & Miller, Fed. Prac. & Proc. § 3723 & n.16 (4th ed.).

The court finds that the case was not removable before December 11, 2024. Until the corporate disclosure statement was filed, the facts that the plaintiff LLC had only one member and that the sole member was a citizen of Brazil were not ascertainable by the defendants from the facts alleged in the plaintiff's pleadings, from publicly available sources, or from information the plaintiff supplied the defendants in prelitigation email correspondence.

First, the plaintiff's state-court pleadings do not allege any facts relating to the plaintiff's citizenship. The allegations in the state-court petition did not put the defendants on notice that Verdant was a citizen of Brazil. The allegations in the state-court petition that Verdant had prior business experience and owned companies in Brazil also do not allege facts showing that he was a citizen of Brazil.

Second, the publicly-available documents do not reveal the members of the plaintiff LLC, much less state that Verdant was the only member. The initial certificate of incorporation the plaintiff filed in 2017 is silent on the LLC's membership. (Docket Entry No. 3-1). The plaintiff's 2024 Public Information Report identifies Andre Verdant as the plaintiff LLC's owner and director and as its registered agent for service in the Woodlands, Texas. (Docket Entry No. 3-2). If anything, that fact indicates that Verdant was a citizen, or at least resident, of Texas. The Report did not state that Verdant was a citizen of Brazil or that he was the only member of the LLC.

Third, the plaintiff's argument that the defendants knew, or should have gleaned, from their business dealings and email correspondence with Verdant is not supported by the record. Verdant's emails mention Brazil and South America. (Docket Entry No. 3-3). An email from the defendants states that they knew that Verdant's company was "present in both the US and Brazil."

3

(*Id*. at 2).  The fact that the defendants knew that Verdant did business in both Brazil and the United States does not mean that they knew that he was a citizen of Brazil. And a defendant's subjective knowledge does not determine that a case is removable; removability depends on the jurisdictional facts stated in the pleadings.  *Cf. Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir. 1992).

Much of the plaintiff's brief is devoted to criticizing the defendants for failing to be diligent in discovering that the plaintiff's citizenship created diversity jurisdictions. The plaintiff faults the defendants for failing to seek information about citizenship, as opposed to residency, in the special exceptions filed in state court.  The plaintiff faults the defendants for failing to "ask their client" or plaintiff's counsel about Verdant's citizenship. (Docket Entry No. 3 at 10).  The plaintiff argues that the defendants could "even try and file removal on information and belief."  (*Id*.).  These arguments rest on an incorrect understanding of a defendant's obligation to discover removability when the plaintiff's pleading does not allege jurisdictional facts. A defendant does not have an obligation to make further inquiry if the case is not clearly removable based on the plaintiff's pleading. *Chapman,* 969 F.2d at 163 (5th Circuit. 1992); *Parish of Plaquemines v. Chevron USA, Inc*., 7 F.4th 362, 368 (5th Cir. 2021); *Harris v. Banker's Life & Cas. Co.,* 425 F.3d 689, 695-96 (9th Cir. 2005).  And a defendant cannot properly seek removal based on "information and belief." Instead, removal is proper based on the initial pleading "only when that pleading affirmatively reveals on its face the grounds for removal."  *Bosky v. Kroger Texas., Ltd. Partnership*, 288 F.3d 208, 211 (5th Cir. 2002).

In this case, the plaintiff's petition and amended petition did not "affirmatively reveal[] on its face" that there were grounds for removal.  If the case is not removable based on the initial pleading, the defendant may remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is or has become

4

removable." 28 U.S.C. § 1446(b)(3). The "other paper" received by the defendants that showed diversity of citizenship was the Corporate Disclosure statement filed on December 11, 2024. The defendants removed on January 2, 2025. This renders the removal timely.

The motion to remand is denied. (Docket Entry No. 3).

SIGNED on March 5, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge