UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERDAN PROCUREMENT AND CONSULTING, LLC d/b/a VPC CHEMICALS | § § § § | |
| *Plaintiff*, | § § | Case No. 4:25-cv-00010 |
| v. | § § | **JURY DEMAND** |
| SOLUGEN, INC., GAURAB CHAKRABARTI, SEAN HUNT, JOSH SUTTON, and TANNER COX, | § § § § § | |
| *Defendants*. | § § § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE DISTRICT COURT JUDGE:

Defendants Solugen, Inc., Gaurab Chakrabarti, Sean Hunt, Josh Sutton, and Tanner Cox (collectively, "Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, file this Motion for Summary Judgment, and respectfully show the Court the following:

## I.
## INTRODUCTION

1. Around 2023, the Parties began to explore the market for a new use for Defendant Solugen's Verza 360 product line. Ex. 1, Pl.'s Am. Pet. at 3. Plaintiff Verdan Procurement & Consulting, LLC d/b/a VPC Chemicals ("VPC") represented to Solugen that it could market Solugen's Verza 360 product for aluminum removal in the oil and gas field. Ex. 2, Hunt Dep. 14:8-16. This was a new application that had not been tested or confirmed. *Id.*

2. To explore this opportunity, the parties entered into a Mutual Non-Disclosure, Non-Circumvention Agreement ("MNDA") agreement. Ex. 3. The agreement required Solugen not to

circumvent VPC by making any sales of the Verza product directly to a third party, INEOS. *Id.* The parties never agreed on pricing, expenses, profit sharing, or any other essential terms. *Id.*

3. Although there were some promising early results, the Verza product line had issues that the parties were unable to resolve, and INEOS decided not to do any business involving the Verza line for aluminum removal. Ex. 2 at 16:15-25. This resulted in $0 of profit from Ineos. Ex. 2 at 128:17-25. Simply put, it was a potential business opportunity that did not work out.

4. Despite the fact that non-circumvention was the "only consideration VPC requested and received,"[1] VPC blames Solugen for the break down of the business relationship and seeks lost profits, salaries, travel expenses and fees for breach of the MNDA. *See* Ex. 1. The MNDA imposes no obligation to develop any product, no obligation to commercialize any product, no obligation to sell any product, and no entitlement for VPC to receive proceeds, profits, or compensation of any kind. *See* Ex. 3.

5. VPC seeks damages not only against Solugen, but also from Solugen's employees in their individual capacity: in house counsel, Josh Sutton; lab tech, Tanner Cox; and co-founders Gaurab Charabarti and Sean Hunt, none of whom signed the MNDA. Ex. 1; Ex. 3. In addition to breach of contract, VPC claims fraud, fraudulent misrepresentation, fraud by omission, fraudulent inducement, negligent misrepresentation and unjust enrichment. Ex. 1. Defendants seek summary judgment on the following bases:

- Solugen never breached the MNDA because it never made a sale of Verza to INEOS;
- VPC has not been damaged by any alleged breach; and
- All other causes of action are barred by the fact there is a valid, written agreement.

---

[1] Ex, 1, [Doc. 15] Pl.'s Am. Pet at 5; *see* Ex. 1 MNDA.

## II.

## SUMMARY JUDGMENT EVIDENCE

1. Plaintiff's Amended Petition
2. Deposition of Sean Hunt
3. Mutual Non Disclosure, Non Circumvention, and Materials Evaluation Agreement ("MNDA") between the parties
4. Deposition of Andre Verdant

## III.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is 'material' if it might affect the outcome of the suit under governing law, and a dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 247–48 (1986).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). When the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the burden of production shifts, and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Applying these standards here, summary judgment is proper because VPC cannot produce any evidence of commercial sales, damages, misrepresentations, or benefits to Defendants—each of which is an essential element of every claim asserted.

## IV.

## STATEMENT OF UNDISPUTED FACTS

### A. THE LIMITED OBLIGATIONS IN THE MNDA

6. The Only Contract Between the Parties Is the MNDA, Which Grants No Commercial Rights and Imposes No Sales or Profit-Sharing Obligation. The relevant section states:

> 6. **Non-Circumvention:** Protected Contact shall be defined herein as the two (2) specific legal entities engaged in private enterprise that are identified by Company substantially in the form attached hereto as Exhibit A, and their respective affiliates, subsidiaries, parent companies, and entities under their control to the extent that each such affiliate, subsidiary, parent company, and entity under their control is listed under the applicable Protected Contact in the form attached hereto as Exhibit A. For the avoidance of doubt, Solugen shall only be subject to the restrictions set forth in this Section 6 with respect to such affiliates, subsidiaries, parent companies, and entities under their control to the extent that the same control, are controlled by, or are under common control with a Protected Contact. For the purposes of this paragraph, "control" and its correlatives uses "controlled by" and "under common control with" means the power to direct the management of the entity in question through ownership of fifty-one percent (51%) or more of the voting securities or other ownership interests of the entity in question. Company must provide a full and complete list of all entities comprising the Protected Contact at the same time and within ten (10) days from the date the last Party signs this Agreement. In no case may Company unilaterally amend Exhibit A once it is provided to Solugen.
>
> **Non-Circumvention Obligations:** Solugen shall not sell to the Protected Contact its Verza product line for the purpose of removing aluminum from olefins until the earlier of (a) five (5) years from the Effective Date, (b) Company's inability within two (2) years of the Effective Date to begin making commercial sales to the applicable Protected Contact of the Verza product for removing aluminum from olefins, or (c) Company's discontinuation of commercial sales to the applicable Protected Contact of the Verza product for removing aluminum from olefins.

7. Importantly, the MNDA clarifies the parties have no other commitments and disclaims any warranties or representations outside of the contract:

> 7. **No Commitments.** Nothing in this Agreement nor in any previous or contemporaneous communications or understandings, whether oral or written, shall be deemed to provide any commitment of any kind or intent by either Party to enter into any further agreement with the other Party or any commitment of any kind or intent by either Party to disclose any Confidential Information hereunder, and neither Party has acted or shall act in reliance on any potential further agreement. Each Party agrees that neither the holding of discussions between them nor the furnishing of any Confidential Information by either Party hereunder shall be construed as an obligation on the part of either Party to refrain from engaging at any time in any business similar or dissimilar to the business matters discussed by the Parties so long as it is not in violation of the non-circumvention agreement contained herein.
>
> 8. **Disclaimer.** Neither Party makes any representation or warranty, express or implied, as to the accuracy or completeness of any Confidential Information provided hereunder, all of which shall be provided "as is".

> 16. **Entire Agreement; Amendment.** This Agreement supersedes all previous and contemporaneous communications and understandings, whether oral or written, and constitutes the sole and entire agreement between the Parties pertaining to the Confidential Information. No modification, deletion, addition or waiver of the terms of this Agreement shall be binding on either Party unless made in writing and signed by a duly authorized representative of each Party.

8. Andre Verdant, president of VPC, reviewed this contract, had his attorney review it, and admits he signed it. Ex. 2, 29:11-16.

9. Solugen VP of Business Development, Will Crimmins, countersigned the MNDA on behalf of Solugen. Ex. 3.

### B. THE PRODUCT NEVER WORKED FOR ITS INTENDED APPLICATION

10. Around August 2024, Ineos began complaining that the test totes of the Verza product were "bloating", which was concerning to Ineos. Ex. 2. 92:4-9. The tote had set of a carbon monoxide monitor at the Ineos plant. *Id.* at 95:16-19. Ineos never made any purchases from VPC after this issue occurred. Ex. 4, 25:21-25; 27:2-5.

### C. THE ALLEGED BREACHES[2]

11. First, VPC alleges an initial breach occurred when Solugen employee Tanner Cox provided samples of the Verza product knowing they would be given to INEOS. Pet. 5-6, ¶¶ 16-17.

12. Second, VPC alleges that a third party, Skyhawk, purchased Verza and later delivered it to INEOS. Pet. 7-8, ¶ 19.

13. Finally, VPC alleges Solugen had several communications with Ineos and arranged for Ineos to visit Solugen's site. *Id.* at ¶ 23-26.

14. VPC has not alleged that Solugen circumvented VPC by making any actual sales to Ineos or profited from any of the above alleged interactions with Ineos.

---

[2] Solugen disputes the allegations and states they are affirmatively disproven by the evidence in this case.

# V.

## ARGUMENTS & AUTHORITIES

### A. VPC's Breach of Contract Claims Fail Because There Has Been No Breach and VPC Cannot Demonstrate Any Damages

15. Under Texas law, a breach of contract claim requires a valid contract, breach, and damages caused by that breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007), *Brown v. Gateway Mortgage Group, LLC*, 2025 WL 555179, at *5 (N.D. Tex. Feb. 11, 2025) (reiterating damages as an essential element). The parties agree the MNDA is a valid contract. However, there is no evidence of a breach or any damages.

#### i. Solugen did not make a single sale to Ineos

16. Solugen's sole obligation in the MNDA was to "not sell to the Protected Contacts" (here Ineos). Ex. 1 at 6. VPC has no evidence that Solugen made a sale to Ineos. That's because Solugen did not. Sean Hunt, Solugen co-founder testified:

Q. How much money did Solugen make from direct sales to INEOS for the Verza line?

A. Zero dollars.

Q. How many sales did Solugen make to INEOS for the Verza line?

A. Zero dollars.

Q. No sales, zero dollars, that's what you're saying?

A. Yeah.

Ex. 2 at 128:17-25.

17. VPC has no evidence to contradict this testimony or demonstrate Solugen participated in any sales to Ineos. Due to the lack of breach, VPC's breach of contract claim fails as a matter of law.

  ii. **VPC has no evidence of damages**

  18. VPC is unable to demonstrate that Solugen's "circumvention", if any, caused any damages to VPC. VPC has retained DeAnn Standlee to opine on damages, but her testimony is unsupported, unreliable and therefore inadmissible.[3] Plaintiff admits the parties never even agreed to a price for the Verza. Ex. 4, 73:8-11. The Purpose clause of the MNDA simply permits exchange of Confidential Information and Materials "in connection with the exploration of a potential business relationship," which "may include" testing concepts for potential commercialization. Ex. 2 § 1. The MNDA does not require Solugen to produce or sell a product, and the MNDA does not require the Parties to pursue commercialization. Ex. 2.

  19. Courts decline to fabricate duties never agreed to. See *MBM Fin. Corp.*, 292 S.W.3d at 666 (damages require an enforceable contractual obligation). The evidence in this case shows that there was no money to be made, so there is no potential for damages. For this reason alone, Defendants are entitled to summary judgment on Plaintiff's claims. *Celotex*, 477 U.S. at 322–23 (absence of evidence on an essential element warrants summary judgment). Under Texas law, each of Plaintiff's claims requires proof of damages; speculative, hypothetical, or contingent injury will not suffice. See *MBM Fin. Corp. v. Woodlands Operating Co., L.P., 292 S.W.3d 660, 666 (Tex. 2009)* (damages essential to contract claim); *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015) (fraud requires actual injury). The Verza efforts simply ended up being a failed commercial endeavor that Plaintiff now wants to pretend was a roaring success, thereby entitling him to monies which were never generated.

---

[3] Defendants incorporate their Motion to Exclude DeAnn Standlee's testimony herein.

### B. The Remainder of Plaintiff's Claim are Barred by the Existence of the MNDA

20. Plaintiff has also alleged various fraud claims and a negligent misrepresentation claim, all arising out of the alleged breach of the MNDA. Ex. 1.

21. Under Texas law, fraud requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury. *Skillmaster Staffing Services, Inc. v. J.M. Clipper Corp.*, No. CIV.A. H-04-3619, 2006 WL 2385288 (S.D. Tex. Aug. 17, 2006), *citing Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (internal quotation marks omitted). A promise to do something in the future constitutes fraud only if the promise is made with no intention of performing it at the time it is made. *See id.* at 48. A "mere failure to perform a contract is not evidence of fraud." *Id.* A fraud claim requires evidence of the other party's intent when the representation was made. See id. The terms of a written contract cannot be displaced by prior negotiations. *See Fisher Controls Int'l, Inc. v. Gibbons*, 911 S.W.2d 135, 141-42 (Tex. App.-Houston [ 1 st Dist.] 1995, writ denied)." [at *6]

22. Plaintiff knew at the time of signing the contract that no one "was sure if the Verza would work…you are never sure in development work." Ex. 4 at 18:17-19:9. But Plaintiff signed the contract anyway. Ex. 2. For this reason, Solugen is entitled to summary judgment on all fraud claims.

23. In Texas, "negligent misrepresentation is a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties." *Nguyen v. Federal Nat. Mortg. Ass'n,* 958 F. Supp.2d 781, 792 (S.D. Tex. 2013) (J.

Rosenthal); Skillmaster Staffing Services, Inc. v. J.M. Clipper Corp., No. CIV.A. H-04-3619, 2006 WL 2385288, at *6 (S.D. Tex. Aug. 17, 2006) (To make a claim for negligent misrepresentation, a plaintiff must show an "independent injury" beyond breach of contract). VPC has not alleged any injury outside of the breach of the MNDA.

## VI.

## CONCLUSION

The parties had limited obligations to each other, which were never breached. Unfortunately, like with many start-ups, this was a business opportunity that just did not work out. Plaintiff is unable to establish the essential elements of any of its claims. For the reasons discussed herein, Defendants are entitled to summary judgment on all claims.

## VII.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants respectfully request the District Court render summary judgment on all of Plaintiff's claims against Defendants and for such other and further relief, in law or in equity, general or special, to which Defendants may show themselves to be justly entitled.

Respectfully submitted:

*s/Julia Gandara Simonet*
Gregory S. Hudson
Texas Bar No. 00790929
E-mail: ghudson@cozen.com
Julia Gandara Simonet
State Bar Number 24093470
Email: Jsimonet@cozen.com
Cozen O'Connor
811 Main St., Ste. 2000
Houston, Texas 77002
Tel. No. 832.214.3900

Fax. No. 832.214.3905

**COUNSEL FOR DEFENDANTS SOLUGEN, INC., GAURAB CHAKRABARTI, SEAN HUNT, JOSH SUTTON AND TANNER COX**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February 2026, pursuant to the Federal Rules of Civil Procedure, I electronically served the foregoing document on all counsel of record.

*/s/ Julia G Simonet*
Julia Gandara Simonet